**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| SAMUEL HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-151-RWS-JBB *LEAD CASE* |
| | § | |
| TRAVIS BISHOP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Samuel Hernandez, proceeding *pro se*, filed the above-captioned civil rights lawsuit for alleged deprivations of his constitutional rights during his confinement in the Federal Correctional Institution in Texarkana ("FCI Texarkana"). This case and a related case, 5:23-cv-109-RWS-JBB, were consolidated, Docket No. 13, and referred to the United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

The lawsuits complained about the medical care Plaintiff received at FCI Texarkana. *See* Docket No. 1 at 3–4. On October 31, 2025, Defendants filed a motion to dismiss based on failure to exhaust administrative remedies. Docket No. 28. Because the motion relied on matters outside the pleadings, the Court issued an order on February 10, 2026 that converted the motion to dismiss into a motion for summary judgment and gave Plaintiff 30 days to respond. Docket No. 31. On March 16, 2026, Plaintiff filed a motion for extension of time to respond, Docket No. 32, which the Court granted on March 23, 2026, allowing Plaintiff 45 additional days to respond. Docket No. 33. To date, however, Plaintiff has not filed a response despite having ample time to do so and having been on notice of the failure to exhaust defense since October 31, 2025, when Defendants filed the original motion.

The summary judgment evidence furnished by Defendants shows that during his incarceration, Plaintiff has filed only one administrative remedy request, which challenged the findings of an institutional report (*i.e.*, a disciplinary case) and not the matters that form the basis of the lawsuit. Docket No. 28-2. The institution denied the request, and Plaintiff did not appeal. *Id.* Plaintiff did not offer any evidence in response to the motion for summary judgment, and the exhibits he furnished with his original petition (Cause No. 5:23-cv-109, Docket No. 1-1) did not offer any indication that he has exhausted his administrative remedies.

On July 23, 2026, the magistrate judge issued a report recommending dismissal of the lawsuit for failure to exhaust administrative remedies. Docket No. 36. Plaintiff argued that he never returned to FCI Texarkana to complete the administrative process, but the magistrate judge observed that prisoners are required to exhaust even if transferred or released from custody under Fifth Circuit precedent. *Id.* at 6. The magistrate judge found that Plaintiff made no showing that his transfer rendered administrative remedies unavailable, inappropriate to the relief sought, or patently futile. *Id.* The magistrate judge further stated that dismissal without prejudice was appropriate where the prisoner failed to exhaust administrative remedies. *Id.*

The report and recommendation was sent to Plaintiff at his last known address but was returned as undeliverable on August 14, 2026. Docket No. 37. Although Plaintiff is obligated under Local Rule CV-11(d) to keep the Court apprised of his physical address and had not done so, the Court located Plaintiff through the Bureau of Prisons's online inmate locator and directed the clerk to resend the report and recommendation to Plaintiff on August 24, 2026. Docket No. 38. The August 24, 2026 order also set a firm deadline of September 24, 2026 for filing objections to the report and recommendation (Docket No. 36). *Id.* at 2. On August 31, 2026, Plaintiff received a

copy of the report and the August 24, 2026 order, giving him ample time to file objections. *See* Docket No. 39.

To date, Plaintiff has not filed objections. Instead, on September 15, 2026, the Court received a notice from Plaintiff stating that he began the administrative remedy process by filing a BP-8 form. Docket No. 40. Filing a BP-8 form is an attempt at informal resolution under the first step in the Bureau of Prisons grievance resolution process. *See* 28 C.F.R. §§ 542.13–15; *Huff v. Neal*, 555 F.App'x 289, 293 (5th Cir. 2014) ("The [Bureau of Prisons] has a four-step process for resolving grievances by inmates. First, an inmate must attempt to informally resolve the issue with the staff.").

While Plaintiff may certainly continue the administrative remedy process that he has begun, this will have no effect upon the current consolidated lawsuit that Plaintiff filed well before he began the administrative remedy process. As the magistrate judge explained in the report, "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Docket No. 36 at 5 (first quoting *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); and then citing *Ross v. Blake*, 578 U.S. 632, 639–41 (2016)). Therefore, Plaintiff must have exhausted his administrative remedies prior to filing suit, and "[i]t is irrelevant whether exhaustion is achieved" while the suit is pending. *Gonzalez*, 702 F.3d at 788.

Even construing Plaintiff's notice that he started the administrative remedy process as objections to the magistrate judge's report, the Court finds such objections are without merit. Upon careful *de novo* review of those portions of the magistrate judge's proposed findings and

recommendations to which the Plaintiff objected, the Court determines that the report and recommendation of the magistrate judge is correct. *See* 28 U.S.C. § 636(b)(1) ("A [district] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). It is accordingly

**ORDERED** that the report and recommendation of the magistrate judge (Docket No. 36) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (Docket No. 28), construed as a motion for summary judgment, is **GRANTED**. It is further

**ORDERED** that the above-styled consolidated cases are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Entries of dismissal shall be made in each consolidated case.

**So ORDERED and SIGNED this 30th day of September, 2026.**

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE